# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

RICK L. WELLENSTEIN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

No. C 08-4098-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

_____

## *I. INTRODUCTION*

    This Social Security benefits case comes before me on plaintiff Rick Wellenstein's Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b), brought by his attorney Thomas Krause (docket no. 23).

    On November 5, 2004, Wellenstein filed applications for disability insurance benefits and supplemental security income benefits, alleging a disability onset date of January 1, 2003. The Commissioner ultimately denied his applications in September 2008, and Wellenstein timely appealed the adverse agency decision to this court. On January 26, 2010, Chief Magistrate Judge Paul Zoss filed a Report and Recommendation, in which he recommended that the Commissioner's decision be reversed (docket no. 13). On February 24, 2010, I entered a Memorandum Opinion And Order, accepting in part and modifying in part Judge Zoss's Report and Recommendation, in which I reversed the Commissioner's decision that Wellenstein is not disabled and remanded for further proceedings (docket no. 16). On June 16, 2010, I granted Wellenstein's unopposed Motion For Attorney Fees Under The Equal Access To Justice Act, in the amount of $3,730.24 (docket no. 20). On

August 27, 2011, the Commissioner issued a Notice of Award to Wellenstein and determined that he was entitled to $74,838.40 in past-due benefits. *See* Wellenstein's Motion For Attorney Fees at 1 (docket no. 23).

On September 19, 2011, Krause filed his current Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b), requesting $18,000.00 in attorney fees (docket no. 23). He includes as exhibits his Attorney Fee Agreement, signed by Wellenstein and Krause, in which Wellenstein agreed to pay a fee equal to twenty-five percent of his past-due benefits; Wellenstein's August 27, 2011, Notice of Award; and an Itemization of Hours, representing that Krause worked 28.1 hours on this case (docket no 23-1). Krause notes that the full twenty-five percent of Wellenstein's past-due benefits would be $18,709.60, but he has voluntarily reduced his fee to $18,000.00 to account for delays that he caused in briefing the case.[1] Krause calculates his hypothetical hourly rate to be $640.47. He adds that he will refund either the $3,730.24 he received in EAJA fees or his pending § 406(b) fees, whichever is less, to Wellenstein.

On October 3, 2011, the Commissioner filed his Response (docket no. 25). The Commissioner observes that Krause's Itemization of Hours is incorrect, as it contains 6.5 duplicative hours, and that the correct total should be only 21.6 hours. The Commissioner calculates the corrected hypothetical hourly rate to be $833.34. Next, the Commissioner notes that Krause's voluntary reduction on account of his delay is only $709.60, which amounts to less than one monthly benefit payment of $762.00 to Wellenstein. Therefore,

---

[1] Neither Krause nor the Commissioner indicate how long Krause actually delayed the case. However, my review of the docket indicates that Krause delayed the briefing schedule by two weeks by moving for two unopposed one-week extensions. (docket nos. 6, 8.)

the Commissioner argues that Mr. Krause has not shown the reasonableness of his requested fee.

Krause filed his reply on October 3, 2011 (docket no. 26). Krause agrees that he incorrectly tabulated his hours. Nevertheless, he maintains that $18,000.00 is still a reasonable amount for his attorney fees and contends that an $833.34 hypothetical hourly rate is not excessive. Krause highlights that he accepted Wellenstein's case after Wellenstein's prior law firm refused to represent him after the administrative hearing stage. Additionally, Krause asserts that his voluntary reduction of $709.60 is sufficient and argues that he has actually discounted his attorney fee request by over three months.[2] Krause also attaches a letter from Wellenstein, which states that he believes Krause's fee is "reasonable for the work performed." *See* Rick Wellenstein's Response To Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b) (docket no. 26-1).

## II. ANALYSIS

42 U.S.C. § 406(b) supplies the standard for determining attorney fees after a favorable court judgment for a Social Security benefits claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and

---

[2] Krause explains his voluntary reduction, as follows: "Mr. Wellenstein receive[s] $762/month in benefits. In three months, Mr. Wellenstein would receive about $2,300 in benefits. The voluntary reduction is well over 25% of that amount. The voluntary reduction, then, is a reduction in three months worth of benefits due to delays caused by counsel." Reply at 1 (docket no. 26).

3

> the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added). Therefore, the touchstone for determining attorney fees is reasonableness, with an absolute cap on fees set at twenty-five percent of a claimant's past-due benefits. A claimant's contingency fee agreement with his or her counsel, however, is also relevant:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, the court cannot enforce any agreement that provides fees exceeding twenty-five percent. *Id*. If a contingent-fee agreement provides for fees within the statutory ceiling, then the court must "review for reasonableness fees yielded by those agreements." *Id*. at 809.

The statute does not create a presumption of reasonableness on the agreed amount, *id*. at 807 n.17, and the burden is on the attorney for the successful claimant to "show that the fee sought is reasonable for the services rendered." *Id*. at 807. Thus, the attorney's recovery should be "based on the character of the representation and the results the

4

representative achieved." *See id.* at 808. The court may take into consideration the timeliness of counsel's work, as well as the comparative difference between the amount of benefits received by the claimant and "the amount of time counsel spent on the case." *Id.* (noting attorney delay and windfalls would justify reductions below the contingent fee agreement amount); *see also Mitchell v. Barnhart*, 376 F. Supp. 2d 916, 920-22 (S.D. Iowa 2005) (discussing whether an award under § 406(b) is a windfall). The court may ask the claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" in order to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Id.*

Reasonableness must also be determined in the context of social security litigation, where contingent fees are required, *see id.* at 806-07 ("[A]ny endeavor by the claimant's attorney . . . to charge the claimant a noncontingent fee, is a criminal offense." (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2))), and where claimants are often unsuccessful, *see* Soc. Sec. Advisory Bd., Disability Decision Making: Data and Materials 91 (May 2006), *available at* http://ssab.gov/documents/chartbook.pdf (noting that only five percent of appeals to federal court allow benefits and forty-five percent are remanded). Thus, there is a risk of nonpayment that alters what may normally be reasonable in a noncontingent context. *See Brannen v. Barnhart*, No. 99-CV-325, 2004 WL 1737443, at *7 n.11 (E.D. Tex. July 22, 2004) ("A generous de facto hourly rate, among other things, reflects the contingent nature of the representation."). In addition, fee awards should be substantial enough to encourage attorneys to accept social security cases in light of the nonpayment risk. Nevertheless, there is another—competing—policy concern at stake in social security cases: protecting the claimant's disability award. *See Gisbrecht*, 535 U.S. at 805 (noting that the attorney fee comes "out of the amount of accrued benefits" so "that

5

attorneys representing successful claimants would not risk nonpayment of [appropriate] fees" (alteration in original) (internal quotations omitted)).

As a preliminary matter, Krause's request of $18,000.00 comes within the statutory ceiling of § 406(b), as it is slightly less than twenty-five percent of Wellenstein's past due benefits of $74,838.40. Likewise, $18,000.00 is slightly less than the fee provided by Krause and Wellenstein's contingency agreement, which also set Krause's fee at twenty-five percent of Wellenstein's past-due benefits. Of course, there is no presumption that the agreed-upon fee in this case is reasonable. *See id.* at 807 n.17. Rather, I must evaluate whether Krause has shown that his $18,000.00 request is reasonable.

At first blush, the hypothetical hourly rate of $833.34 appears too high, especially when compared with the market rate that Krause reported for his work in his EAJA application—$225.00. *See* Declaration of Thomas A. Krause (docket no. 18-1). Nevertheless, Krause achieved a very favorable result for Wellenstein, and Wellenstein himself appears to agree that Krause did good work on his behalf. *See* Rick Wellenstein's Response To Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b) (docket no. 26-1). As with all social security appeals, Krause accepted this case on contingency, with the risk of not receiving any payment. Moreover, he accepted Wellenstein's case when other attorneys had decided that it was not worth the risk—Wellenstein's prior attorneys refused to represent him beyond the administrative hearing stage. Also, I find that Krause has discounted his fee request sufficiently on account of the delay he caused in the case. He was responsible for only a two week delay and, yet, discounted his fee request by $709.60, which amounts to over three months in attorney fees. Therefore, although I am concerned with protecting Wellenstein's award, I find that $18,000.00 is a reasonable fee request in this case.

Finally, Krause must refund to Wellenstein the $3,730.24 he received under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("[T]he claimant's attorney must refun[d] to the claimant the amount of the smaller fee." (citation and internal quotation marks omitted)).

### III. CONCLUSION

THEREFORE, Krause's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (docket no. 23) is **granted**. I order payment of $18,000.00 in attorney fees to Thomas Krause. As a result, Krause must refund his client the EAJA attorney fees of $3,730.24 already awarded in this case.

**IT IS SO ORDERED.**

**DATED** this 19th day of October, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA